**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SARA BRIDEWELL, RANDY MANUEL, | ) | |
| LISA RHODES, | ) | No. 08 C 4947 |
| Plaintiffs, | ) | |
| vs. | ) | |
| | ) | Judge Leinenweber |
| CITY OF CHICAGO, and | ) | |
| CHICAGO POLICE OFFICERS | ) | |
| KEVIN EBERLE, Star No. 20817, and | ) | Magistrate Judge Denlow |
| BRIAN FORBERG, Star No. 21249 | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS**
**COUNTS IV AND V OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendants, City of Chicago ("City") and Chicago police detectives Kevin Eberle and Brian Forberg, through their attorney, Patricia J. Kendall, Assistant Corporation Counsel of the City of Chicago, move this court to dismiss Counts IV and V against them as pled in Plaintiffs' First Amended Complaint ("Complaint")(attached hereto as Exhibit A, "Complt.") pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. In support of their motion defendants state as follows:

**INTRODUCTION**

According to plaintiffs' Complaint, on September 3, 2006, Walter Chandler was shot to death in a Chicago alley shortly after he drove away from an accident with plaintiff Lisa Rhodes's car. That same day, plaintiffs Sara Bridewell, Lisa Rhodes, Randy Manuel and witness Anthony Watkins were transported to Area 2 for questioning about Chandler's death. After questioning that lasted between 24-36 hours, plaintiffs allege that, due to coercive questioning, plaintiff Rhodes and witness Watkins gave incriminating statements against plaintiff Bridewell.

1

Plaintiff Manuel refused to give a statement, and he contends that as a result of his failure to cooperate an arrest report was issued naming him in Chandler's murder. The next day, plaintiffs Rhodes, Manuel and witness Watkins were released from police custody. Plaintiff Bridewell was charged with murder and remained incarcerated awaiting trial until the charges were dismissed pursuant to entry of a *nolle prosequi* order on July 22, 2009, and Bridewell was released from custody. (Complt. at 5, ¶22).

Plaintiffs filed suit on August 29, 2008. (Dckt. # 1) Defendants filed a motion to dismiss plaintiffs' original complaint, which was granted in part and denied in part. Pursuant to this Court's ruling, Bridewell's claims in Counts II, III and V were dismissed with prejudice, and Rhodes was granted leave to replead as to Count II. (Dckt. # 20, 21). At a status held on May 27, 2009, plaintiffs' counsel elected not to replead and to go forward on Counts I and IV only. (Transcript of Proceedings, May 27, 2009, attached hereto as Exhibit B). Subsequently, a discovery cut-off was set for April 8, 2010. (Dckt. # 26). After the close of discovery, plaintiffs sought leave to amend their complaint to add three new claims on behalf of plaintiff Bridewell[1] and to reopen discovery. (Dckt. #29, #30). On April 27, 2010, this Court entered a minute order granting plaintiffs' motion for leave to amend the complaint and to reopen discovery. (Dckt. # 35 ).

The amended Complaint brings the following new claims on behalf of Bridewell: Count IV alleges a §1983 claim for violation of Bridewell's 14th Amendment due process rights; Count V is a state law claim for malicious prosecution, and Count VI is a claim for intentional infliction of emotional distress, also under state law. The City was added as a defendant and is sued as the

---

[1] Counts I, II and III of the amended Complaint are claims for seizure without probable cause in violation of the 4th Amendment and are brought by Bridewell, Manuel and Rhodes, respectively. These claims are not subject to

2

Detectives' employer under the theory of *respondeat superior* on Bridewell's state law claims. Defendants move to dismiss Counts IV and V pursuant to Fed.R.Civ.P 12(b)(6) for failure to state a claim upon which relief can be granted.

## SUMMARY OF MOTION

Defendants move to dismiss Count IV because the murder charges against Bridewell were dismissed prior to trial, and pretrial liberty interests are not protected by the 14th Amendment. Count V is subject to dismissal because the murder charges against Bridewell were dropped in exchange for her guilty plea on another charge. Under Illinois law, charges dismissed pursuant to a deal are not indicative of innocence, and therefore, cannot be the basis for a malicious prosecution claim.

## STANDARD OF REVIEW

A motion to dismiss brought pursuant to Fed.R.Civ.P. 12(b)(6) tests the sufficiency of the complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). The standard of review for a motion to dismiss is, if considering all facts set forth in plaintiffs' complaint as true, it appears beyond doubt that the plaintiffs can prove no set of facts that would entitle them to relief as a matter of law. *Olson v. Wexford Clearing Servs. Corp.*, 397 F.3d 488, 490 (7th Cir. 2005). In ruling on a motion to dismiss, the court takes "all well pleaded facts as true, but will not strain to find inferences favorable to the plaintiffs which are not apparent on the face of . . . [the] complaint." *Coates v. Illinois State Bd. Of Educ.*, 559 F.2d 445, 447 (7th Cir. 1977) (citations omitted). A court is not required "to ignore any facts set forth in the complaint that undermine the plaintiff's claim or to assign any weight to unsupported conclusions of law." *City Nat'l Bank of Florida v. Checkers, Simon, & Rosner*, 32 F.3d 277, 281 (7th Cir. 1994)(citations

omitted). When the facts alleged are insufficient to support the claim pled, the claim should be dismissed. Moreover, if the plaintiff pleads facts that show his suit is without merit, "he has pleaded himself out of court." *Buckley v. Fitzsimmons*, 20 F.3d 789, 793 (7th Cir. 1994)(quoting *Tregenza v. Great American Communications Co*., 12 F.3d 717, 718 (7th Cir. 1993)).

**ARGUMENT**

**A.**     **COUNT IV: Bridewell's 14th Amendment Due Process Claim**

In Count IV, Bridewell brings a §1983 claim for violation of her 14th Amendment due process rights. According to the Complaint, Bridewell was taken into custody and interrogated about the death of Walter Chandler. (Complt. at 4, ¶15). She was held for 63 hours before being taken before a judge and formally charged. (*Id*. ¶17). She was detained and incarcerated from September 3, 2006 to July 22, 2009 when the murder charges were nolle prossed. (*Id*., at 5, ¶22)

Because the charges against Bridewell were dismissed prior to trial, her due process claim invokes pretrial liberty interests. In *Albright v. Oliver*, 510 U.S. 266 (1994), the plaintiff asserted a 14th Amendment due process claim which the Supreme Court soundly rejected by stating that substantive due process with its "'scarce and open-ended'" "'guideposts'" would not serve as a source of recovery under §1983 for pre-trial liberty interests. 510 U.S. at 275, quoting *Collins v. Harker Heights*, 503 U.S. 115, 125 (1992); *see also Estevez v. City of Philadelphia*, 2007 WL 707358 at *6 (March 2, 2007 E.D. Pa.)(absent conviction, a §1983 plaintiff cannot establish the requisite deprivation of liberty necessary to invoke due process protection because prosecution alone does not amount to a constitutionally cognizable liberty interest). Here, Bridewell alleges no constitutionally cognizable injury other than that which resulted from the

4

initial arrest and subsequent prosecution and incarceration.[2]  Bridewell's pretrial liberty interests implicated during the prosecutorial process – despite a lengthy pretrial incarceration – do not fall under the 14th Amendment.  As pled, plaintiff's due process claim in Count I cannot stand as a matter of law and must be dismissed.

In addition, Bridewell's allegations of wrongdoing by the Detectives fail to set forth conduct actionable under the 14th Amendment.  In support of her claim, Bridewell alleges Eberle and Forberg concealed exculpatory evidence from prosecutors, including the fact all the witness statements implicating her were coerced, coached and untrue; "commenced and continued the prosecution" knowing there was no evidence so support the murder charge "except statements they manufactured by knowingly intimidating witnesses to lie," and supplied perjured testimony to the grand jury.  (Complt. at 9-10, ¶24).  These allegations, even if true, fail to state a federal due process claim, but rather merely combine the elements of a false arrest claim and a state malicious prosecution claim.  The 7th Circuit has repeatedly declined to recognize this sort of "hybrid" due process claim as viable under the 14th Amendment.  *See Brook v. City of Chicago*, 564 F.3d 830, 833 (7th Cir. 2009)(citing *McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003)).

Bridewell's allegations boil down to three assertions: (i) Detectives Eberle and Forberg withheld exculpatory evidence; (ii) the Detectives "commenced and continued" the prosecution without sufficient evidence, and (iii) they supplied perjured testimony.  Existing case law holds that none of Bridewell's allegations states a 14th Amendment due process violation.

---

[2] The fact Bridewell remained incarcerated awaiting trial for almost 3 years cannot inform the analysis of possible constitutional wrongdoing.  The period of incarceration relates solely to the issue of damages.  The parameters of constitutional protection available during the prosecutorial process before trial must be analyzed without consideration of whether plaintiff was detained prior to trial or out on bond.  The fact and length of incarceration is

Bridewell's contention that Eberle and Forberg concealed exculpatory evidence from prosecutors, including the fact all the witness statements implicating her were coerced, coached and untrue, does not amount to a due process violation. Defendants are aware of no authority supporting a due process claim for failure to disclose exculpatory evidence before charges are dismissed. To the contrary, in *Garcia v. City of Chicago*, 24 F.3d 966, 971-72 (7th Cir. 1994), the 7th Circuit held there was no basis for a 14th Amendment claim for failure to disclose exculpatory evidence before charges were *nolle prossed*.

Allegations that Eberle and Forberg "commenced and continued" the prosecution without sufficient evidence is nothing more than a state court malicious prosecution claim for prosecution without probable cause. A claim for wrongful or malicious prosecution does not state a constitutionally cognizable cause of action. *See Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2000)(substantive due process will not support claims for wrongful prosecution sounding in malicious prosecution).

To the extent Bridewell hinges her due process claim on perjured testimony to a grand jury leading to indictment, there is absolute immunity from liability for such testimony. *See, e.g., Juriss v. McGowan*, 957 F.2d 345, 348 (7th Cir. 1992)(*citing Kincaid v. Eberle*, 712 f.2d 1023 (7th Cir. 1983)).

In *Brooks v. City of Chicago*, the plaintiff's charges were dismissed prior to trial, as were the charges against Bridewell, here. Brooks brought a 14th Amendment claim against the arresting officers for violation of due process contending they failed to disclose known exculpatory evidence, perjured themselves, submitted false charges and false reports. 564 F.3d at 833. According to the *Brooks* court, "such a claim 'is in essence, one for malicious

influenced by a variety of factors beyond a §1983 defendant's control.

prosecution rather than a due process violation.'" *Id.*, (citing *McCann*, 337 F.3d at 786). Under *Newsome*, "the existence of a tort claim under state law knocks out any constitutional theory of malicious prosecution." *Newsome*, 256 F.3d at 750. And Illinois recognizes a common law tort of malicious prosecution. *Id.* At bottom, Bridewell, like *Brooks*, contends the prosecution was without probable cause, based on false evidence and testimony, and perjury. The 7th Circuit has held such a claim is not cognizable under the 14th Amendment.

**B.      COUNTV:  Bridewell's Malicious Prosecution Claim**

To support her malicious prosecution claim in Count V, Bridewell alleges – much like her due process claim in Count IV – that Eberle and Forberg knowingly and intentionally used false statements to prosecute her (Complt. at 5, ¶22) and prosecuted her on false charges for which they knew there was no probable cause. (*Id.*, at 9-10, ¶24). She also states the murder charge against her was *nolle prossed* by the State due to lack of evidence against her and that this was indicative of innocence. (*Id.* at 5, ¶22)

Under Illinois law, malicious prosecution requires a plaintiff prove five elements: (1) the institution or continuance of judicial proceedings by the defendant against the plaintiff; (2) lack of probable cause for those proceedings; (3) malice in instituting the proceedings; (4) termination of the proceedings in the plaintiff's favor; (5) damages resulting to the plaintiff. *Swick v. Liautaud*, 169 Ill.2d 504, 511, 662 N.E.2d 1238, 1242 (Ill. 1996); *see also Logan v. Caterpillar*, 246 F.3d 912, 921-22 (7th Cir. 2001). The absence of any one of these elements defeats Bridewell's claim. *See Swick*, 662 N.E.2d at 1242; *Logan*, 245 F.3d at 922.

Here, Bridewell cannot establish the fourth prong of the required elements, that is, termination of the criminal proceedings were favorable to her. And it is Bridewell's burden to

successfully establish favorable termination. *See Swick*, 169 Ill.2d at 513, 662 N.E.2d at 1243;

*Washington v. Summerville*, 127 F.3d 552, 557 (7th Cir. 1997). To fulfill the favorable

termination element, Illinois law requires resolution of the underlying criminal charges in a

manner indicative of the innocence of the accused. *Id.* (*citing Swick*, 169 Ill.2d at 512, 662

N.E.2d at 1242). However, a *nolle prosequi* is not *per se* indicative of innocence. *See Swick*,

169 Ill.2d at 513-14, 662 N.E.2d at 1243 ("Only when a plaintiff establishes that the *nolle*

*prosequi* was entered for reasons consistent with his innocence does the plaintiff meet his burden

of proof."); *Logan*, 246 F.3d at 925. Furthermore, a *nolle prosequi* is not indicative of innocence

when it is "the result of an agreement or compromise with the accused. . . ." 169 Ill.2d at 512,

662 N.E.2d at 1243 (citing *Restatement (Second) of Torts* §§ 660, 661(1977)); *see also*

*Washington*, 127 F.3d at 557. Illinois law is clear: where dismissal of a criminal charge is agreed

to by a plaintiff in a manner which leaves the question of innocence unresolved, the plaintiff may

not bring a malicious prosecution action based upon those criminal charges. *See Joiner v.*

*Benton Community Bank*, 82 Ill.2d 40, 45, 411 N.Ed.2d 229 (1980). In *Joiner,* the Illinois

Supreme Court noted that by entering into or procuring a compromise or an agreement for

dismissal of the charges against him, the plaintiff admitted the existence of probable cause and

could not be allowed to later deny that such cause existed by bringing a civil action. *Id.*, at 46,

411 N.Ed.2d at 232. According to *Joiner*, the crucial question is whether there was a

compromise or agreement procured or consented to by plaintiff. *Id.*

As is clear from the criminal court proceedings on July 22, 2009, Bridewell's murder

charge was dismissed pursuant to a *nolle prosequi* order as part of an agreement to plead guilty

to another charge: possession of a controlled substance, a class 1 felony, and possession of a

sawed off shot gun, a class 3 felony. (Report of Proceedings, July 22, 2009, attached as Exhibit C).[3] After taking Bridewell's guilty plea on the drug possession and gun charges, the following colloquy took place among the court, prosecutor and Bridewell's attorney:

> Court: Now, aside from what the prosecuting attorney agreed to do here for you, part of this agreement I assume includes nolleing the murder charge?
>
> Mr. Wyatt [Bridewell's attorney]:     Correct, Judge.
>
> Ms. Popielewski [State's attorney]:    Nolle the murder charge.

(*Id.*, at 19:5-11). At the conclusion of the plea hearing on the drug possession and gun charge, the State moved to nolle pros the murder charge.[4]    (*Id.*, at 16:21-24). Illinois law is clear, when criminal charges are dismissed as part of a deal, the dismissal is not indicative of innocence, and a malicious prosecution claim cannot succeed as a matter of law. *See Evans v. City of Chicago*, 2003 WL 22232963 at *11 (N.D. Ill.)(malicious prosecution claim failed because plaintiff agreed to plead guilty on one charge in exchange for *nolle* on the other), *aff'd on other grounds*, 434 F.3d 916 (7th Cir. 2006).

WHEREFORE, for the reasons set forth above, Defendants City of Chicago and Detectives Eberle and Forberg respectfully request this Court grant their motion to dismiss Counts IV and V of Plaintiffs' Amended Complaint with prejudice pursuant to Fed.R.Civ.P.

---

[3] For pre-trial purposes, the drug and gun charges, case no. 06 CR 16629, were joined with the murder charge, case no. 06 CR 22756 as of November 16, 2006. *See* Certified Statement of Conviction/Disposition 06 CR 16629, attached as Exhibit D; and Certified Statement of Conviction/Disposition 06 CR 16629, attached as Exhibit E, where all hearing dates coincide.

[4] In ruling on a Rule 12(b)(6) motion to dismiss, the court is allowed to take judicial notice of matters in the public record, such as a decision from another court,. *See United States v. Wood, 925 F.2d 1580, 1582* (7th Cir. 1991) (stating that court may take judicial notice of public records); *see also Brown v. Campbell*, 1995 WL 229033, at *3 n. 2 (N.D. Ill. April 14, 1995)(citing *Venture Assoc. Corp v. Zenith Data Systems, Inc.*, 987 F.2d 429, 431 (7th Cir. 1993)(certified statement of conviction/disposition does not require court convert motion to dismiss under F.R.C.P.12(b)(6) into one for summary judgment).

12(b)(6) for failure to state a claim upon which relief can be granted; defendants request all other

and further relief the Court deems appropriate.


Respectfully Submitted,

s/ Patricia J. Kendall_____
Patricia J. Kendall
Assistant Corporation Counsel
Attorney for Defendants

30 N. LaSalle Street, Suite 900
Chicago, IL 60602
312-744-5170
Atty no. 06195253

## CERTIFICATE OF SERVICE

I hereby certify that I have caused true and correct copies of the above and foregoing
**DEFENDANTS' MOTION TO DISMISS COUNTS IV AND V OF PLAINTIFFS'
AMENDED COMPLAINT** to be sent to all attorneys of record via the court's electronic
notification system on May 7, 2010.


 s/ Patricia J. Kendall_____
Patricia J. Kendall

10