IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SARA BRIDEWELL, RANDY MANUEL, LISA RHODES, | ) ) ) | No. 08 C 4947 |
| Plaintiffs, | ) | |
| vs. | ) ) | Judge Leinenweber |
| CITY OF CHICAGO, and CHICAGO POLICE OFFICERS KEVIN EBERLE, Star No. 20817, and BRIAN FORBERG, Star No. 21249 | ) ) ) ) ) | Magistrate Judge Denlow |
| Defendants. | ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS
COUNTS IV AND V OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendants, City of Chicago ("City") and Chicago police detectives Kevin Eberle and Brian Forberg, through their attorney, Patricia J. Kendall, Assistant Corporation Counsel of the City of Chicago, submit this reply in further support of their motion to dismiss Counts IV and V as pled in Plaintiffs' First Amended Complaint ("Complaint") for failure to state a claim upon which relief can be granted.

**INTRODUCTION**

Defendants have decided to withdraw their motion to dismiss as to Count V (malicious prosecution), and therefore, move to dismiss only Count IV, Bridewell's 14th Amendment due process claim.

**SUMMARY OF REPLY**

Bridewell's due process claim is, in essence, a state law malicious prosecution claim for wrongful prosecution without probable cause and states no compensable constitutional claim under the 14th Amendment due process clause. Bridewell has no viable due process claim for

1

violation of *Brady's* requirement to disclose exculpatory evidence prior to trial because she had no trial; rather, criminal charges were dismissed by order *nolle prosequi*, which satisfied her due process rights. Bridewell has no constitutional claim for the coercion of witnesses, and the court previously dismissed that claim with prejudice. (Dckt. #21)

### ARGUMENT

**Bridewell Fails to State Either a Substantive or Procedural Due Process Claim**

Bridewell's alleged constitutional injury, like the plaintiff in *Albright v. Oliver*, 510 U.S. 266 (1994), concerns pre-trial liberty interests based on allegations that the prosecution was baseless. While *Albright* is a fractured opinion, it clearly instructs that the 14th Amendment's substantive due process clause, with its "'scarce and open-ended'" "'guideposts,'" will not serve as a source of recovery under §1983 for pre-trial liberty interests. *Id.,* at 275. Bridewell does not seem to quarrel with this, but instead seeks to avoid *Albright's* clear rejection of substantive due process by asserting her due process claim falls under the 14th Amendment's *procedural* prong. (Response at 1)

Bridewell's due process claim fares no better here, however. Justice Kennedy's concurring opinion in *Albright* (joined by Justice Thomas), provided the majority needed to reject the 14th Amendment as a vehicle for a §1983 damages claim to recover for pre-trial liberty interests. According to Justice Kennedy (and Thomas), Albright's claim for initiation of a baseless criminal prosecution invoked no constitutional interest. Justice Kennedy relied on *Parratt v. Taylor*, 451 U.S. 527, 535-544 (1981), to find no 14th Amendment procedural due process violation because Illinois provided an adequate remedy in the common law tort of malicious prosecution.

2

While Justice Kennedy's reasoning was not adopted by a majority of the Court, the 7th Circuit adopted it in *Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2000). To the extent *Albright* left open the question of whether a procedural due process claim may be actionable under §1983, the 7th Circuit clearly and definitively answered that question "no" in *Newsome*. The *Newsome* court specifically stated it was adopting Justice Kennedy's concurring opinion in *Albright* to hold a procedural due process claim under the 14th Amendment is "knock[ed] out" by "the existence of a tort claim under state law . . . because the due process of law is afforded by the opportunity to pursue a claim in state court. . . ." *Newsome,* 256 F.3d at 751. In so ruling, the 7th Circuit recognized the position Justices Kennedy and Thomas took in *Albright* was the narrowest ground of the decision, and thus, constituted the effective holding of the Court. *Id.*

While the teachings of *Albright* are complex, two results are clear: six justices held the 14th Amendment – procedural or substantive – is not the source of a §1983 claim for damages relating to pre-trial liberty interests. And two of those six found such a claim did not state a constitutional interest at all because allegations sounding in malicious prosecution could be adequately addressed in state court. Read together, *Albright* and *Newsome* eliminate Bridewell's 14th Amendment due process claim whether based on substantive or procedural rights.

**The Fact of Incarceration is not Constitutionally Significant**

Bridewell attempts to further distance her due process claim from *Albright* by emphasizing her 3 year pre-trial incarceration. The fact or length of incarceration, however, is simply a damages issue and is not constitutionally significant. Whether a plaintiff has a constitutionally protected pre-trial interest cannot, logically, hinge on whether she is capable of making bond. Bridewell's argument begs the following question: if Bridewell had been out on

3

bond, would she have a claim for her allegations of coerced witness testimony, concealed exculpatory evidence and known baseless charges? Presumably, she would answer that question "yes." And presumably, such conduct, if constitutionally actionable, should protect all citizens, not just those without resources to be free pending trial or those whose charges are so serious they are denied bond. Ultimately, such a distinction is constitutionally unsupportable. Moreover, restrictions on pre-trial liberty interests imposed by a judge or prosecutor, whatever they may be (incarceration, electronic monitoring, travel restrictions etc.), can in no way be attributed to police officers acting under color of law.

### There is No Support for a 14th Amendment Due Process Claim for Wrongful Prosecution or Prosecution Without Probable Cause

Bridewell has identified no authority to support her 14th Amendment due process claim for an unfair or wrongful prosecution. The crux of Bridewell's complaint in Count IV is that there was insufficient evidence to support her prosecution for murder. Specifically, she alleges Eberle and Forberg concealed exculpatory evidence from prosecutors, withheld the fact all the witness statements implicating Bridewell were coerced, coached and untrue, "commenced and continued the prosecution" knowing there was no evidence so support the murder charge, and supplied perjured testimony to the grand jury. (Complt. at 9-10, ¶24). These allegations are simply another way of stating her prosecution lacked probable cause. The right to be free from prosecution without probable cause was precisely what *Albright* found was not protected by the 14th Amendment's due process clause. The 7th Circuit has similarly found "there is no constitutional right not to be prosecuted without probable cause." *Penn v. Harris*, 296 F.3d 573, 576 (7th Cir. 2002)(citations omitted).

When allegations, like Bridewell's, consist of nothing more than a hybrid of 4th

Amendment claims for arrest without probable cause and malicious prosecution claims for falsifying and concealing evidence, the 7th Circuit has consistently barred a due process claim as a matter of law. *See, e.g., Brooks v. City of Chicago*, 564 F.3d 830, 833 (7th Cir. 2009); *McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003); *Penn v. Harris*, 296 F.3d 573, 576 (7th Cir. 2002)(citations omitted).

Bridewell distinguishes *Brooks* by dismissing it as nothing more than a transparent attempt to bootstrap a time-barred false arrest claim into a timely claim under the due process clause. (Plaintiff's Response at 3) Bridewell reads *Brooks* too narrowly. Regardless of the timeliness of Brooks's 4th Amendment false arrest claim, the 7th Circuit found Brooks's allegations against the arresting officers – that they failed to disclose exculpatory evidence, perjured themselves and submitted false charges and false reports – constituted a claim for malicious prosecution rather than a due process violation. *Brooks*, 564 F.3d at 833 ("allegations that criminal proceedings were instituted . . . based on false evidence or testimony" constitute malicious prosecution rather than due process). Here, Bridewell fails to explain how her claims differ from those found deficient in *Brooks*. Indeed, Bridewell's allegations that Detectives Eberle and Forberg concealed exculpatory evidence, manufactured false witness statements, instituted false charges for murder and supplied perjured testimony (Complt. at 9-10, ¶24) are indistinguishable from those proffered by *Brooks*.

**Bridewell has No Due Process Claim for a *Brady* Violation Because She had No Trial**

Because there is no constitutional right to be prosecuted without probable cause, a plaintiff must allege the violation of a recognized constitutional right, such as the right to a fair trial. *Penn*, 296 F.3d at 576 (citing *Newsome* 256 F.3d at 750-52). Thus, the only 14th

Amendment due process claim that could possibly survive this Motion to Dismiss would be a so-called *Brady* claim as recognized by the 7th Circuit in *Newsome*. However, Bridewell cannot meet the requirements of such a claim. In *Newsome*, the court held a due process claim could exist for a *Brady* violation if a criminal defendant did not receive a fair trial because material exculpatory evidence was withheld. 256 F.3d at 752-53. Yet, because Bridewell did not have a trial, her *Brady* rights were not impacted. *Brady* is a trial right, *see Newsome*, 256 F.3d at 752, and *Brady* is constitutionally satisfied when the exculpatory evidence is disclosed in time for the criminal defendant to make use of it. *See Strickler v. Greene*, 527 U.S. 263, 280 (1999). Disclosure up to and during trial satisfies *Brady*. *See U.S. v. Warren,* 454 F.3d 752, 760 (7th Cir. 2006); *Moore v. Casperson,* 345 F.3d 474, 493 (7th Cir. 2003)(*Brady* does not require pretrial disclosure); *U.S. v. Xheka,* 704 F.2d 974, 981 (7th Cir. 1983)(disclosure during opening statement permitted under *Brady).*

Defendants have found no 7th Circuit precedent to support a 14th Amendment due process claim for failure to disclose exculpatory evidence prior to trial when charges were dismissed so that there was no trial.[1] Indeed, as discussed in Defendants Motion to Dismiss, the 7th Circuit ruled in *Garcia v. City of Chicago*, 24 F.3d 966 (7th Cir. 1994), that the plaintiff received due process when charges were *nolle prossed* on the basis of exculpatory evidence. Bridewell's attempt to distinguish *Garcia* falls short. *Garcia* provides that the constitution does not entitle the criminal defendant to dismissal of charges because exculpatory evidence exists, and

---

[1] Recent 7th Circuit decisions in *Carvajal v. Dominguez,* 542 F.3d 561 (7th Cir. 2008) and *Bielanski v. County of Kane*, 550 F.3d 632 (7th Cir. 2008), where the court discussed, *in dicta*, the viability of a civil damages claim based on a *Brady* violation, provide no support for Bridewell's claim. In each of those cases, the plaintiff was acquitted at trial. Thus, the possibility of a *Brady* violation was at least conceivable because there was a trial; the court went on, however, to find no *Brady* violation occurred in either case. In *McCann v. Mangialardi*, 337 F.3d 782, (7th Cir. 2003), plaintiff pled guilty and argued *Brady* required disclosure of exculpatory evidence before his guilty plea. The

6

concomitantly, the existence of exculpatory evidence will not prevent initiation of criminal charges. Rather, *Garcia* reminds that the connection between exculpatory evidence and the constitution lies in the obligation to turn such evidence over to the defense in accordance with *Brady*. As the *Garcia* court notes, failure to deliver exculpatory evidence *before trial* may run afoul of *Brady* requirements, but dismissal of charges before trial, via a *nolle prosequi*, satisfies due process. 24 F.3d at 971-72. Although not explicitly stated in *Garcia*, the court's discussion clearly indicates that, apart from *Brady* requirements, how exculpatory evidence is handled does not invoke due process concerns. And a §1983 plaintiff has no legitimate due process claim arising out of exculpatory evidence when charges are *nolle prossed*, as were Bridewell's. Accordingly, Bridewell's attempt to ground her due process claim in the Detectives' alleged failure to disclose exculpatory evidence to prosecutors states no claim upon which relief can be granted for violation of her rights under *Brady*.

**Bridewell has no Constitutional Interest in the Coercion of Witnesses**

Bridewell's allegation that her due process rights were violated by use of testimony from witnesses that was coerced, coached, untrue and knowingly manufactured through intimidation fails to state a viable claim because the behavior she complains of was visited on others. Bridewell has no protectable constitutional interest in the coercion of another. *See Buckley v. Fitzsimmons*, 20 F.3d 789 (7th Cir. 1994)(plaintiff has no constitutional claim where police obtained statement inculpating plaintiff from third-party witness via coercion). This court previously dismissed this claim with prejudice in Defendants' first motion to dismiss plaintiffs' original complaint. (*See* Memorandum Opinion and Order, Dckt. # 21 at 8-9).

Curiously, Plaintiff's Response lifts a single quotation from *Buckley* to argue due process

---

dicta discussion in *McCann* is inapposite because Bridewell's charges were *nolle prossed*.

7

rights are violated when one person's coerced confession is used at another's trial or before the grand jury. (Plaintiff's Response at 2). However, the snippet Bridewell relies on does not accurately convey *Buckley's* meaning.[2] In ruling on Defendants' first motion to dismiss, this court already acknowledged *Buckley* forecloses a constitutional claim arising from use of coercive questioning of another.

Because Bridewell had no trial, she seeks to base violation of her due process rights on use of coerced and falsified evidence before the grand jury. (Plaintiff's Response at 2) Contrary to Bridewell's assertion, neither *Buckley* nor *Newsome* support a compensable claim against these Detectives for a due process violation relating to coerced statements used at the grand jury. To the contrary, *Newsome* held no 14th amendment due process claim existed for a malicious prosecution-type of claim unless there was a *Brady* violation. And *Brady* requires a trial. *Newsome* had a trial where he was convicted, and after his conviction was vacated, he was permitted to bring a §1983 claim for failure to disclose exculpatory evidence before trial that led to his conviction. *Buckley* was first and foremost a case addressing absolute and qualified immunity for prosecutors. As such, it is not a good fit for determining the viability of Bridewell's due process claims against Detectives. *Buckley's* mere mention of using a coerced confession before the grand jury is part of a hypothetical wherein the court demonstrates how Buckley cannot succeed on his claim for coercion of another. 20 F.3d at 795. The court does not hold use of a coerced witness statement before the grand jury violates the constitution. Both

---

[2] Bridewell refers to *Buckley's* citation of *Arizona v. Fulminate,* 499 U.S. 279 (1991), as support for the proposition that "using one person's coerced confession at another's trial violates his rights under the due process clause." (Plaintiff's Response at 2). Apart from the fact Bridewell had no trial, *Fulminate* does not support this. Rather, *Fulminate* addresses the constitutional problems arising when a criminal defendant's *own* coerced confession is used against him at trial. It does not stand for the proposition Bridewell suggests involving use at trial of another's "coerced confession."

*Newsome* and *Buckley* are decidedly different cases from that presented by Bridewell. Under the circumstances presented by Bridewell, failure to disclose exculpatory evidence does not constitute a viable due process *Brady* claim as defined by *Newsome* or discussed in *Buckley*.

## CONCLUSION

In Count I, Bridewell has a §1983 claim asserting she was arrested without probable cause in violation of the 4th Amendment. In Count V, she has a state law malicious prosecution claim alleging she was charged on false evidence, and therefore, without probable cause. Her due process claim in Count IV attempts to meld the two together by alleging no more than she was wrongfully charged and prosecuted on false evidence and testimony without probable cause. This is a garden-variety malicious prosecution claim. Under clear 7th Circuit authority, her procedural due process claim is extinguished by the availability of a state court malicious prosecution claim. Bridewell's 14th Amendment due process claim fails to state a claim upon which relief can be granted and, therefore, should be dismissed with prejudice pursuant to Fed.R.Civ.P. 12(b)(6).

WHEREFORE, for the reasons set forth above and in their motion to dismiss, having withdrawn their motion to dismiss Count V, Defendants City of Chicago and Detectives Eberle and Forberg respectfully request this Court grant their motion to dismiss Count IV of Plaintiffs' Amended Complaint with prejudice pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted; defendants request all other and further relief the Court deems appropriate.

        Respectfully Submitted,

        s/ Patricia J. Kendall_____
        Patricia J. Kendall
        Assistant Corporation Counsel
        Attorney for Defendants

30 N. LaSalle Street, Suite 900
Chicago, IL 60602
312-744-5170
Atty no. 06195253

## **CERTIFICATE OF SERVICE**

    I hereby certify that I have caused true and correct copies of the above and foregoing **DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS COUNTS IV AND V OF PLAINTIFFS' AMENDED COMPLAINT** to be sent to all attorneys of record via the court's electronic notification system on June 22nd, 2010.

        s/ Patricia J. Kendall_____
        Patricia J. Kendall