IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SARA BRIDEWELL, RANDY MANUEL, and LISA RHODES, | |
| Plaintiffs, | Case No. 08 C 4947 |
| v. | Hon. Harry D. Leinenweber |
| KEVIN EBERLE, BRIAN FORBERG and CITY OF CHICAGO, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

The Defendants in this case have moved to dismiss Count 4 of Plaintiffs' First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The Defendants initially moved to dismiss Count 5 as well, but withdrew the motion as to that count in their reply brief. The Motion to Dismiss Count 4 is granted.

### I. BACKGROUND

This is the second motion to dismiss filed in this case, as the Plaintiffs filed an Amended Complaint after the ruling on the previous Motion to Dismiss. The previous ruling provides a full factual background of the case. *See Bridewell v. Eberle*, 08 C 4947, 2009 U.S. Dist. LEXIS 32159 (N.D.Ill. Apr. 16, 2009). Therefore, only a brief background will be given here along with

the new factual developments which are relevant to the present Motion to Dismiss.

Plaintiffs Sara Bride well ("Bridewell"), Randy Manuel ("Manuel"), and Lisa Rhodes ("Rhodes") (collectively, the "Plaintiffs") confronted Walter Chandler ("Chandler") in his car shortly after he struck Rhodes' parked car. Plaintiffs allege that they fled from his car when they saw that Chandler was holding a gun. After fleeing, they heard a single gunshot come from Chandler's car. Chandler died of a gunshot wound to the head. Plaintiffs claim that the evidence suggests that Chandler shot himself with his own gun.

The police took the three Plaintiffs into custody following this incident as well as the non-party witness Anthony Watkins ("Watkins"), and interrogated all four. Rhodes and Watkins eventually gave statements to the police which incriminated Bridewell in Chandler's death. Plaintiffs allege that such statements were the product of intense and prolonged coercion. As a result of these statements, Bridewell was indicted on murder charges and remained incarcerated awaiting trial from the date of Chandler's death, September 3, 2006, until the murder charges were dropped via *nolle prosequi* on July 22, 2009.

Count 4 of the Amended Complaint claims that Defendants concealed exculpatory evidence, prosecuted Bridewell knowing there was no evidence to support the charge, and supplied perjured

testimony to the grand jury. Bridewell claims these actions violated her Fourteenth Amendment right to due process. Defendants move to dismiss this claim on the grounds that these actions, even if proven, do not amount to a violation of the Fourteenth Amendment because Bridewell's pretrial rights in this case do not flow from the Fourteenth Amendment.

## II. **LEGAL STANDARD**

A Rule 12(b)(6) Motion to Dismiss should be granted if the Complaint fails to satisfy Rule 8's pleading requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." For a Motion to Dismiss, the Court accepts as true all factual allegations in a complaint. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III. **ANALYSIS**

Plaintiff Bridewell listed three wrongs committed by the Defendant officers which she claims violated her right to due process: (1) they concealed exculpatory evidence, (2) they commenced and continued Bridewell's prosecution for murder knowing there was no supporting evidence, and (3) they supplied perjured testimony to the grand jury which indicted Bridewell.

### A. Concealed Exculpatory Evidence

"Under *Brady*, the government must disclose evidence favorable to the defense where the evidence is material to either the guilt or punishment of the defendant." *United States v. Tadros*, 310 F.3d 999, 1005 (7th Cir. 2002). The *Brady* rule is a trial right, as a violation "occurs only when the government withholds evidence which, had it been disclosed, creates a reasonable probability that the result of the trial would have been different." *Id.* In the present case, there was no trial because the prosecutor dropped the charges, so no *Brady* violation occurred.

The Seventh Circuit has acknowledged that the *Brady* rule may extend to pretrial legal proceedings. *McCann v. Mangialardi*, 337 F.3d 782, 787-88 (7th Cir. 2003). However, this potential extension appears to be strictly limited to situations in which a defendant enters a guilty plea while the government withholds exculpatory information. *Id.* Bridewell did not enter a guilty plea, or otherwise take any affirmative legal action in her defense, while the Defendant officers withheld information. Therefore, even if the *Brady* rule extended to pretrial proceedings, it would not extend to the pretrial proceedings in the current case.

### B. Prosecuted Without Evidence

The Supreme Court has specifically considered the legal claim that a person has a due process right not to be prosecuted without

- 4 -

probable cause. *See Albright v. Oliver*, 510 U.S. 266 (1994). Although the case was fractured by six different opinions and only a plurality emerged, a majority of justices agreed that the defendant did not have a due process claim. *See id.* Applying that precedent to this case is not entirely straightforward, as Bridewell's claim could be viewed in two different ways.

If Bridewell's due process claim is viewed through the lens of malicious prosecution, the Seventh Circuit found that *Albright* rendered such a claim unavailable when a state-law remedy exists. *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001). Illinois has a state-law tort of malicious prosecution. *See Miller v. Rosenberg*, 196 Ill.2d 50 (2001). Bridewell's claim arises under Illinois law, so she cannot bring a claim for malicious prosecution under the Fourteenth Amendment because a state-law remedy exists.

If Bridewell's due process claim is instead viewed through the lens of a deprivation of liberty without due process, the analysis is more complex but the result is the same. Bridewell was not subjected to a trial or conviction on the murder charges, so any deprivation of liberty that occurred before trial stems from her arrest and incarceration awaiting trial. A claim that this arrest was done based on improper evidence is really tantamount to saying the seizure was without probable cause. This places the claim squarely under the Fourth Amendment which explicitly protects such rights. This is particularly true in the present case, as

Bridewell claims she was held based on the coerced statements made by witnesses. These statements were made before Bridewell's arrest, so any constitutional violation committed was done by seizing her based on this evidence.

"The Supreme Court has made it clear that a substantive due process claim may not be maintained when a specific constitutional provision (here the Fourth Amendment) protects the right allegedly violated." *McCann*, 337 F.3d at 786. "In sum, [the plaintiff] cannot do an end run around the foregoing precedent by combining what are essentially claims for false arrest under the Fourth Amendment and state law malicious prosecution into a sort of hybrid substantive due process claim under the Fourteenth Amendment." *Id.* Claims of prosecution based on false evidence should be addressed as separate claims of unlawful arrest and malicious prosecution, not a due process violation. *See Brooks v. City of Chicago*, 564 F.3d 830, 833 (7th Cir. 2009).

Bridewell wishes to distinguish her claim on the grounds that she was incarcerated for three years awaiting a murder trial before the charges were dropped. This delay does not change the fact that her claims should be analyzed under the Fourth Amendment or Illinois state law. *See Fox v. Hayes*, 600 F.3d 819, 834 (7th Cir. 2010) (vacating due process judgment when plaintiff was in jail for 243 days based on a highly coerced confession); *Johnson v. Garza*, 564 F.Supp.2d 845, 853 (N.D.Ill. 2008) (dismissing due process

claims of prosecution based on false evidence when plaintiff alleged wrongful incarceration for three years). If Bridewell believes she was incarcerated while an exonerating trial was wrongfully delayed, her redress is in the Sixth Amendment's right to a speedy trial (incorporated against Illinois by the Fourteenth Amendment), not due process. *See Albright*, 510 U.S. at 276 (Scalia, J., concurring).

### C. Supplied Perjured Testimony

Bridewell's third factual point is that Defendants' perjured testimony to the grand jury deprived her of her due process rights. The first problem with this claim is that a police officer who testifies before a grand jury is absolutely immune from § 1983 suits based on his testimony. *Kincaid v. Eberle*, 712 F.2d 1023, 1024 (7th Cir. 1983). There is an exception to this rule for complaining witnesses ("those who played a role in initiating a prosecution"), but this exception may or may not apply in this case. *See Gauger v. Hendle*, 349 F.3d 354, 358 (7th Cir. 2003).

The second problem is that even if the exception applies, the due process right to be free from perjured testimony is often considered a trial right, not a pretrial right, similar to the *Brady* rule. *See Finwall v. City of Chicago*, 490 F.Supp.2d 918, 925 (N.D.Ill. 2007). Generally speaking, there is not a "free-standing due process claim whenever unfair interrogation tactics . . . are used," but instead the due process right to be free from coerced

confessions is "grounded in traditional notions of what is required for a fair trial." *Wallace v. City of Chicago*, 440 F.3d 421, 429-30 (7th Cir. 2006). For example, there is no duty to disclose exculpatory evidence to a grand jury. *United States v. Williams*, 504 U.S. 36 (1992); *accord United States v. Stout*, 965 F.2d 340, 344 (7th Cir. 1992). Acquiring a grand jury indictment is part of the prosecutorial process of bringing charges against a defendant, and not of determining a defendant's guilt. *See Williams*, 504 U.S. at 51 (grand jury is an accusatory, not an adjudicatory, body). Therefore, evidence of perjury during grand jury proceedings is most consistent with a malicious prosecution or Fourth Amendment claim rather than a stand-alone Fourteenth Amendment claim. *See Wallace*, 440 F.3d 421, 429 (7th Cir. 2006); *see also Johnson v. Saville*, 575 F.3d 656, 664 (7th Cir. 2009).

## IV. CONCLUSION

For the reasons stated herein, the Defendants' Motion to Dismiss Count 4 is granted.

**IT IS SO ORDERED.**

                                            Harry D. Leinenweber, Judge
                                            United States District Court

**DATE:** July 22, 2010